UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID GONZALES, | 3:13-cv-00648-MMD-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| | **OF U.S. MAGISTRATE JUDGE** |
| ROY L. STRALLA, *et al.*, | |
| Defendants. | March 18, 2014 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's application to proceed *in forma pauperis* (#1) and *pro se* complaint (#1-1).[1] The court has thoroughly reviewed the record and recommends that plaintiff's application to proceed *in forma pauperis* be granted, but that plaintiff's complaint be dismissed without prejudice.

I. **Plaintiff's Application to Proceed *In Forma Pauperis***

Based on the financial information provided with plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter. Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

II. **Screening Pursuant to 28 U.S.C. § 1915**

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an [*in forma pauperis*] action that is frivolous or malicious."

---

[1] Refers to the court's docket number.

*Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). While in this case the plaintiff is in the custody of the Nevada Department of Corrections, this provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989). Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

### III.   Plaintiff's Complaint

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (#1-1). Plaintiff alleges the following: on December 3, 2011, defendant Nevada Highway Patrolman Douglas Hildebrand "unlawfully" arrested plaintiff for driving under the influence, apparently without administering a breathalizer test or conducting any field tests and before having any results from a blood alcohol test. *Id.* at 4. On December 8, 2011, defendant prosecutor Roy L. Stralla "willfully and unlawfully vindictively committed misconduct abusing his authority" when he filed a criminal complaint against plaintiff for driving under the influence, without the results of the blood alcohol test, which were released the next day. *Id.* at 5. On April 10, 2012, defendant deputy public defender Chris Fortier "willfully and unlawfully" rendered ineffective assistant of counsel with

respect to advising plaintiff about a guilty plea agreement. *Id.* at 6. He seeks punitive and compensatory damages. *Id.* at 9.

## IV. Discussion

Plaintiff's complaint suffers from various defects. While plaintiff has styled this action pursuant to 42 U.S.C. § 1983, which creates a cause of action allowing a plaintiff to enforce federal rights created by the Constitution or federal statute, *see Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989), what he alleges is that Officer Hildebrand committed false arrest, which is a state tort-law claim. Yet, construing this *pro se* complaint liberally, plaintiff also sets forth allegations that Hildebrand arrested him without probable cause, which may implicate his Fourth Amendment rights. *See, e.g., Dubner v. City & County of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001); *Tatum v. City & County of S.F.*, 441 F.3d 1090, 1094 (9th Cir. 2006). However, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Plaintiff also included as part of his complaint a request for a stay and abeyance and indicates that his appeal of his criminal conviction is currently pending in state court (#1-1, p. 12). As he appears to challenge the fact of his conviction as well as whether he received effective assistance of counsel, after the conclusion of his criminal appeal, his sole federal remedy for such claims would be a writ of *habeas corpus*. Accordingly, his complaint must be dismissed without prejudice.

The court further notes that the prosecutor and public defender are likely immune from suit under § 1983. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in

their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993). When public defenders or court-appointed attorneys are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). The Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *See Polk County*, 454 U.S. at 321.

## V. Conclusion

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (#1) without having to prepay the full filing fee be **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER RECOMMENDED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of David Gonzales, **Inmate No. 93054** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER RECOMMENDED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER RECOMMENDED** that the Clerk shall detach and **FILE** the complaint (#1-1).

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE**.

The parties should be aware of the following:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

DATED: March 18, 2014.

_____
UNITED STATES MAGISTRATE JUDGE