1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                 * * *
9   DAVID GONZALES,                    Case No. 3:13-cv-00648-MMD-VPC
10                         Plaintiff,   ORDER ACCEPTING AND ADOPTING
                                        REPORT AND RECOMMENDATION
11      v.                              OF MAGISTRATE JUDGE
    ROY L. STRALLA, et al.,             VALERIE P. COOKE
12                        Defendants.
13
14          Before the Court is the Report and Recommendation of United States Magistrate

15   Judge Valerie P. Cooke (dkt. no. 3) ("R&R") relating to plaintiff's application to proceed *in*

16   *forma pauperis* (dkt. no. 1) and *pro se* complaint (dkt. no. 1-1). No objection to the R&R

17   has been filed.

18          This Court "may accept, reject, or modify, in whole or in part, the findings or

19   recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely

20   objects to a magistrate judge's report and recommendation, then the court is required to

21   "make a *de novo* determination of those portions of the [report and recommendation] to

22   which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however,

23   the court is not required to conduct "any review at all . . . of any issue that is not the

24   subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth

25   Circuit has recognized that a district court is not required to review a magistrate judge's

26   report and recommendation where no objections have been filed. *See United States v.*

27   *Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

28   employed by the district court when reviewing a report and recommendation to which no

objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cook's R&R. Upon reviewing the R&R and underlying briefs, this Court finds good cause to accept and adopt the Magistrate Judge's R&R in full.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 3) is accepted and adopted in its entirety.

It is ordered that plaintiff's application to proceed *in form pauperis* (dkt. no. 1) without having to prepay the full filing fee is granted; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. *§* 1915, as amended by the Prisoner Litigation Reform Act of 1996. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. *§* 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposit to the account of David Gonzales, Inmate No. 93054 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the Attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

It is further ordered that the Clerk shall detach and file the complaint (dkt. no. 1-1).

It is further ordered that the complaint be dismissed without prejudice.

DATED THIS 16th day of September 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE